```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - x
UNITED STATES OF AMERICA            :

        - v. -                      :
                                         SUPERSEDING
CARLETTO ALLEN,                     :    INDICTMENT
    a/k/a "Joker,"
    a/k/a "Loso,"                   :    S7 15 Cr. 95 (AJN)

                   Defendant.       :

- - - - - - - - - - - - - - - - - - x
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: **OCT 0 5 2017**

## COUNT ONE

### THE RACKETEERING CONSPIRACY

The Grand Jury charges:

### THE ENTERPRISE

1. At all times relevant to this Indictment, CARLETTO ALLEN, a/k/a "Joker," a/k/a "Loso," the defendant, and others known and unknown, were members and associates of the Big Money Bosses street gang ("BMB" or the "Enterprise"), a criminal organization whose members and associates engaged in, among other things, murder, attempted murder, robbery, attempted robbery, narcotics trafficking, bank fraud, and the passing of counterfeit currency.

2. BMB was a faction of the "Young Bosses," or "YBz" street gang, which operates in various parts of New York City. BMB, whose members and associates also referred to themselves as "Blamma," "Money Making Mafia," or "Triple M," operated principally in the vicinity of White Plains Road between 215th Street and 233rd Street

in the Bronx, New York, including in an area on 224th Street described by members of the Enterprise as the "Forts," as well as in the vicinity of Boston Road and Eastchester Road in the Bronx, in an area described by members of the Enterprise as "B-Road."

3. Members of BMB and their associates committed acts of violence, including shootings, against rival gangs, including: (a) the "2Fly YGz," which is based in the Eastchester Gardens public housing development in the Bronx ("2Fly"); (b) the "Slut Gang," which is based in the Boston Secor public housing development in the Bronx; and (c) the "YSGz," which is based in the Edenwald public housing development in the Bronx.

4. In addition to committing acts of violence and selling narcotics, members and associates of BMB engaged in acts involving robbery, attempted robbery, and bank fraud, and passed counterfeit currency, all in order to generate funds for the Enterprise.

5. BMB, including its leadership, membership, and associates, constituted an "enterprise," as defined by Title 18, United States Code, Section 1961(4), that is, a group of individuals associated in fact, although not a legal entity. The Enterprise constituted an ongoing organization whose members functioned as a continuing unit for a common purpose of achieving the objectives of the Enterprise. At all times relevant to this Indictment, the Enterprise has engaged in, and its activities affected, interstate and foreign commerce.

2

6. CARLETTO ALLEN, a/k/a "Joker," a/k/a "Loso," the defendant, was a member and associate of the Enterprise who carried out unlawful and other activities in furtherance of the conduct of the Enterprise's affairs.

PURPOSES OF THE ENTERPRISE

7. The purposes of the Enterprise included the following:

   a. Enriching the members and associates of the Enterprise through, among other things, the distribution of narcotics, including marijuana and cocaine base, as well as robbery, attempted robbery, bank fraud, and the passage of counterfeit currency.

   b. Preserving and protecting the power of the Enterprise and its members and associates through murder, attempted murder, other acts of violence, and threats of violence.

   c. Promoting and enhancing the Enterprise and the activities of its members and associates.

MEANS AND METHODS OF THE ENTERPRISE

8. Among the means and methods employed by the members and associates in conducting and participating in the conduct of the affairs of the Enterprise were the following:

   a. Members and associates of the Enterprise committed, conspired to commit, and attempted to commit acts of violence, including murder, to protect and expand the Enterprise's criminal

3

operations, and in connection with rivalries with members of other street gangs, such as 2Fly, the Slut Gang, and the YSGz.

      b. Members and associates of the Enterprise used physical violence and threats of violence, including murder and attempted murder, against others, including in particular rival gang members and rival narcotics traffickers.

      c. Members and associates of the Enterprise used physical violence against various people, including acts involving murders and attempted murders.

      d. Members and associates of the Enterprise participated in acts involving robberies and attempted robberies.

      e. Members and associates of the Enterprise sold narcotics, including marijuana and cocaine base.

      f. Members and associates of the Enterprise engaged in bank fraud and passed counterfeit currency.

## THE RACKETEERING VIOLATION

9. From at least in or about 2011, up to and including in or about 2016, in the Southern District of New York and elsewhere, CARLETTO ALLEN, a/k/a "Joker," a/k/a "Loso," the defendant, and others known and unknown, being persons employed by and associated with the Enterprise described in paragraphs 1 through 8 of Count One of this Indictment, to wit, BMB, knowingly combined, conspired, confederated, and agreed together and with each other to violate the racketeering laws of the United States, to wit, Section 1962(c)

4

of Title 18, United States Code, that is, to conduct and participate, directly and indirectly, in the conduct of the affairs of the Enterprise, which was engaged in, and the activities of which affected, interstate and foreign commerce, through a pattern of racketeering activity consisting of:

> Multiple acts involving murder, that is, New York Penal Law, Sections 20.00 and 125.25 (murder); New York Penal Law, Sections 20.00, 110.00, and 125.25 (attempted murder); New York Penal Law, Sections 105.15 and 125.25 (conspiracy to murder);

> Multiple acts involving robbery, that is, New York Penal Law, Sections 160.10, 160.05, 20.00 (robbery); New York Penal Law, Section 160.10, 160.05, 110.00 (attempted robbery); New York Penal Law 105.10 (conspiracy to commit robbery);

> Multiple acts indictable under 18 U.S.C. § 1951 (Hobbs Act robbery);

> Multiple offenses involving the distribution of controlled substances, including 280 grams and more of cocaine base, marijuana, and oxycodone, in violation of the laws of the United States, specifically Title 21, United States Code, Sections 812, 841(a)(1), 841(b)(1)(A), and 846, and Title 18, United States Code, Section 2;

> Multiple acts indictable under 18 U.S.C. §§ 1344 and 2 (bank fraud); and

> Multiple acts indictable under 18 U.S.C. §§ 472, 473, and 2 (the passage of counterfeit currency).

It was a part of the conspiracy that each defendant agreed that a conspirator would commit at least two acts of racketeering in the conduct of the affairs of the Enterprise.

(Title 18, United States Code, Section 1962(d).)

**NARCOTICS OFFENSES**

**COUNT TWO**

NARCOTICS CONSPIRACY

The Grand Jury further charges:

10.  From at least in or about 2011, up to and including in or about 2016, in the Southern District of New York and elsewhere, CARLETTO ALLEN, a/k/a "Joker," a/k/a "Loso," the defendant, and others known and unknown, intentionally and knowingly did combine, conspire, confederate, and agree together and with each other to violate the narcotics laws of the United States.

11.  It was a part and an object of the conspiracy that CARLETTO ALLEN, a/k/a "Joker," a/k/a "Loso," the defendant, and others known and unknown, would and did distribute and possess with intent to distribute controlled substances, in violation of Title 21, United States Code, Section 841(a)(1).

12.  The controlled substance that CARLETTO ALLEN, a/k/a "Joker," a/k/a "Loso," the defendant, conspired to distribute and possess with intent to distribute was a quantity of mixtures and substances containing a detectable amount of marijuana, in violation of Title 21, United States Code, Section 841(b)(1)(D).

(Title 21, United States Code, Section 846.)

6

## COUNT THREE

NARCOTICS POSSESSION

The Grand Jury further charges:

13. From in or about December 2014, up to and including in or about January 2015, in the Southern District of New York and elsewhere, CARLETTO ALLEN, a/k/a "Joker," a/k/a "Loso," the defendant, intentionally and knowingly did distribute, and possess with intent to distribute controlled substances, in violation of Title 21, United States Code, Section 841(a)(1).

14. The controlled substance that CARLETTO ALLEN, a/k/a "Joker," a/k/a "Loso," the defendant, distributed and possessed with intent to distribute was a quantity of mixtures and substances containing a detectable amount of marijuana, in violation of Title 21, United States Code, Section 841(b)(1)(D).

(Title 21, United States Code, Section 841.)

## FIREARMS OFFENSES

### COUNT FOUR

USE OF FIREARMS IN FURTHERANCE OF COUNTS ONE, THREE [Two], AND FOUR [Three]

The Grand Jury further charges:

15. From at least in or about 2011 up to and including in or about 2016, in the Southern District of New York and elsewhere, CARLETTO ALLEN, a/k/a "Joker," a/k/a "Loso," during and in relation to a crime of violence for which he may be prosecuted in a court of the United States, namely, the racketeering conspiracy charged

7

in Count One of this Indictment, and during and in relation to narcotics trafficking crimes for which he may be prosecuted in a court of the United States, namely, the narcotics offenses charged in Counts Three [Two] and Four [Three], knowingly did use and carry firearms, and, in furtherance of such crime, did possess firearms, and did aid and abet the use, carrying, and possession of firearms, including firearms that were brandished and discharged.

(Title 18, United States Code,
Sections 924(c)(1)(A)(i), (ii), (iii) and
2.)

### FORFEITURE ALLEGATION AS TO COUNT ONE

16. As a result of committing the offense alleged in Count One of this Indictment, CARLETTO ALLEN, a/k/a "Joker," a/k/a "Loso," the defendant, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 1963, (i) any interest the defendant acquired or maintained as a result of the commission of the offense alleged in Count One of the Indictment; (ii) any interest in, security of, claim against, or property or contractual right of any kind affording a source of influence over, any enterprise which the defendant has established, operated, controlled, conducted, or participated in the conduct of, in committing the offense alleged in Count One of the Indictment; and (iii) any property, constituting or derived from, any proceeds which the defendant obtained, directly and indirectly, from the racketeering activity alleged in Count One of this Indictment.

8

**Substitute Assets Provision**

17. If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third person;

    c. has been placed beyond the jurisdiction of the Court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), and Title 28, United States Code, Section 2461(c), to seek forfeiture of any other property of the defendant up to the value of the above forfeitable property.

(Title 18, United States Code, Section 1963; Title 21, United States Code, Section 853(p); and Title 28, United States Code, Section 2461(c).)

**FORFEITURE ALLEGATION AS TO COUNTS THREE AND FOUR**

18. As a result of committing the controlled substance offenses alleged in Counts Three and Four of this Indictment, CARLETTO ALLEN, a/k/a "Joker," a/k/a "Loso," the defendant, shall forfeit to the United States, pursuant to 21 U.S.C. § 853, any and all property constituting or derived from any proceeds said

9

defendant obtained directly or indirectly as a result of the violations alleged in Counts Three and Four of this Indictment and any and all property used or intended to be used in any manner or part to commit and to facilitate the commission of said violation, including, but not limited to, a sum in United States currency representing the amount of all proceeds obtained as a result of the controlled substance offense alleged in Count Three of the Indictment.

### Substitute Asset Provision

19. If any of the property described above as being subject to forfeiture, as a result of any act or omission of the defendant:

    a.    cannot be located upon the exercise of due diligence;

    b.    has been transferred or sold to, or deposited with, a third person;

    c.    has been placed beyond the jurisdiction of the Court;

    d.    has been substantially diminished in value; or

    e.    has been commingled with other property which cannot be subdivided without difficulty;

it is the intention of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other

property of the defendant up to the value of the above forfeitable property.

(Title 21, United States Code, Section 853.)

_____  _____
FOREPERSON               JOON H. KIM  MS
                         Acting United States Attorney

11

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

- v. -

CARLETTO ALLEN, a/k/a "Joker," a/k/a
"Loso,"

Defendant.

SUPERSEDING INDICTMENT

S7 15 Cr. 95 (AJN)

(18 U.S.C. §§ 1962(d),
924(c)(1)(A)(iii), and 2, and 21 U.S.C.
§§ 846, 841(b)(1)(D).)

JOON H. KIM
Acting United States Attorney.

A TRUE BILL

Foreperson.

10/5/17
MG

Filed Indictment

USMJ Gorenstein