

U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

---

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York  10007*

October 31, 2017

**BY ECF**

The Honorable Alison J. Nathan
United States District Judge
Southern District of New York
40 Foley Square
New York, NY 10007

        Re:    *United States* v. *Carletto Allen*,
              S8 15 Cr. 95 (AJN)

Dear Judge Nathan:

      The Government respectfully submits this supplemental motion *in limine* to preclude questioning of NYPD Detective Jeremiah Williams and Sergeant Miguel Sanchez concerning certain disciplinary proceedings against those officers because the proceedings in question have no relevance to the witnesses' credibility, potential biases, or the subject of their testimony. The Government files this motion now because the parties have been unable to reach agreement regarding the admissibility of cross-examination on this topic.

      **A.  Previous Disciplinary Proceedings against Detective Williams and Sergeant Sanchez Have No Relevance to the Facts at Issue**

      At trial, Det. Williams and Sgt. Sanchez will be testifying about the defendant's arrest on January 9, 2015. Det. Williams observed the defendant sitting in a parked car, smoking a marijuana cigarette. Upon approach, Det. Williams saw a firearm in the defendant's jacket pocket, which was subsequently recovered. Sergeant Sanchez was present for the arrest and assisted by handcuffing another person in the car.

      The Government has disclosed to the defendant materials from disciplinary proceedings against Det. Williams and Sgt. Sanchez in which complaints against those officers were substantiated.  Those proceedings consist of a substantiated finding by the NYPD's Internal Affairs Bureau (the "IAB") against Det. Williams, *see* Ex. A, a substantiated complaint with the Civilian Complaint Review Board ("CCRB"), against Officer Williams, *see* Ex. B, and a

separate substantiated CCRB complaint against Sgt. Sanchez, *see* Ex. C.[1] The Government has discussed this matter with counsel for the defendant, who has asserted that those proceedings are proper grounds for cross-examination. For the reasons discussed below, those proceedings – which arose in entirely different cases with entirely different facts – have no relevance to the facts of the defendant's arrest in January 2015, and do not call the officers' credibility or potential biases into question. Settled law establishes that parties may not cross-examine witnesses concerning irrelevant disciplinary findings simply to harass or embarrass them. Regarding Det. Williams, two prior judges in this district have precluded cross-examination regarding the same disciplinary proceedings.[2] The Court should therefore disallow any questioning on this topic.

1. **Applicable Law**

Cross-examination concerning substantiated complaints against a law enforcement witness should be disallowed where it is "irrelevant" or offers "nothing of value with respect to [the witness's] motivation to lie about the circumstances of the [defendant's] arrest in the present case." *United States* v. *Lawes*, 292 F.3d 123, 131 (2d Cir. 2002). *See, e.g.*, *United States* v. *Teron*, 478 F. App'x 683, 685 (2d Cir. 2012) (upholding exclusion of substantiated CCRB based on court's authority to "impose reasonable limits on such cross-examination based on concerns about, among other things, harassment, prejudice . . . or interrogation that is repetitive or only marginally relevant" (quoting *Delaware* v. *Van Arsdall*, 475 U.S. 673, 679 (1986)); *United States* v. *Horsford*, 422 F. App'x 29 (2d Cir. 2011) (upholding exclusion of cross-examination on substantiated CCRB where the underlying conduct involved no dishonesty); *United States* v. *Nelson*, No. 10 Cr. 414, 2011 WL 2207584, *7 (S.D.N.Y. June 3, 2011) (barring cross-examination on substantiated CCRB based on the informality of the CCRB process and the irrelevance of the particular finding to the witness's "motivation to falsify testimony about the circumstances of defendant's arrest in the present case"); *United States* v. *Polanco*, No. 10 Cr. 627, 2011 WL 1795293, *4 (S.D.N.Y. May 3, 2011) (prohibiting cross-examination on substantiated CCRB finding as irrelevant to witness's credibility and the factual scenario in dispute); *United States* v. *Laster*, 06 Cr. 1064, 2007 WL 2872678, *2 (S.D.N.Y. Sept. 28, 2007) (precluding defense from cross examining police officer concerning substantiated CCRB complaint because facts underlying the charge did not bear on the officer's credibility); *United States* v. *Smith*, 06 CR. 203, 2007 WL 188734, *1 (S.D.N.Y. Jan. 24, 2007) (precluding cross-examination of officers concerning CCRB findings because such findings "lack formality, are unrelated to the instant action, and are only tangentially relevant if at all").

2. **The IAB Finding Concerning Detective Williams Is Irrelevant to this Case**

---

[1] The Government is not filing the disciplinary reports listed as exhibits on the public docket because they are part of the officers' confidential personnel files. The Government will provide Chambers with hard copies.

[2] To the Government's knowledge, the issue of Sgt. Sanchez's substantiated CCRB complaint has not previously been raised before a court, but the same reasoning should apply to preclude cross-examination on his substantiated CCRB.

In 2007, Det. Williams was part of a team of police officers that entered a suspect's apartment during an investigation, where the officers recovered over thirty pounds of marijuana. The suspect subsequently brought several complaints against the officers who participated in the investigation. Because no search warrant had authorized the officers to enter that apartment, the CCRB sustained a charge that each of the officers, including Officer Williams, had entered a residence without a valid search warrant. There was no suggestion that Officer Williams made any false statements concerning these events. The detective responsible for the investigation was, however, indicted for perjury by a Bronx grand jury, apparently because she made false claims in an effort to justify the warrantless entry. *See* Ex. A.

The facts of a more than ten year-old complaint about the search of a residence plainly have no relevance to the facts of this defendant's arrest. Nor does Det. Williams's participation in an investigation in which some other officer apparently made false statements have anything to do with Det. Williams's credibility. The Honorable Analisa Torres and the Honorable Richard M. Berman have both precluded cross-examination regarding this particular IAB complaint at a suppression hearing and trial over defense objections. *United States* v. *Davidson*, 15 Cr. 310 (AT) (S.D.N.Y. Feb. 11, 2016) (precluding cross-examination regarding Williams's disciplinary proceedings at suppression hearing because findings had no bearing on Williams's credibility); *United States* v. *Sharpe*, 15 Cr. 288 (RMB) (S.D.N.Y. Jan. 19, 2017) (in related case, following Judge Torres's ruling as law of the case). Cross-examination concerning this matter should therefore be excluded. *See Lawes*, 292 F.3d at 131.

### 3. The Substantiated CCRB Complaint Concerning Detective Williams Is Irrelevant to this Case

In 2007, Detective Williams and other officers attempted to stop someone ("Individual-1") who Detective Williams suspected, based on a bulge in Individual-1's pocket, might be carrying a firearm. As Detective Williams initiated an encounter with Individual-1, he fled. Detective Williams caught up with Individual-1, frisked his pocket, and determined that he was carrying some sort of electronic device, not a gun. The suspect complained that Detective Williams had stopped him without legal authority, had used improper physical force against him, and had frisked him without legal authority. The CCRB found the charge concerning excessive force unsubstantiated, but found the complaints concerning both the stop and the frisk substantiated. The CCRB also noted that Detective Williams failed to prepare a stop and frisk report as required by NYPD regulations.

This CCRB complaint, also more ten years old, has no bearing on the subject of Detective Williams's testimony or the issues at trial. The facts of that case are entirely different from the facts at issue in this case, which does not even concern a "stop and frisk." *See Lawes*, 292 F.3d at 131. Nor does this case give rise to concerns about Detective Williams's credibility: As the Government understands the report, the determination that Detective Williams lacked authority to stop and frisk the suspect under New York state law is based *on Detective Williams's own account of the incident*. Thus, if anything, this CCRB could only indicate Officer Williams's willingness to testify truthfully and leave any determination as to the propriety of his actions to a neutral decision-maker. *Cf. e.g.*, *Laster*, 2007 WL 2872678, at *2 (CCRB findings not concerning officer's credibility are not proper subject of cross-examination). And while the

Case 1:15-cr-00095-AJN Document 1817 Filed 10/31/17 Page 4 of 5

Page 4

CCRB report noted some small inconsistencies between the officers' recollection of events (for example, whether the pursuit of Individual-1 was on foot or in a car), these do not rise give rise to a basis to challenge Detective Williams's general credibility in an unrelated and factually distinct arrest some eight years later. Again, Judge Torres and Judge Berman both precluded cross-examination on the same substantiated CCRB complaint as having no relevance to Det. Williams's credibility.

### 4. The Substantiated CCRB Complaint Concerning Sergeant Sanchez Is Irrelevant to this Case

In 2007, another officer ("Officer-1") and Sgt. (then Officer) Sanchez conducted a traffic stop based on a failure to signal. Officer-1 issued three tickets to the driver for having a covered license plate, failure to signal, and failure to yield. The driver and the officers argued about the tickets. Shortly after the first traffic stop, Sgt. Sanchez and Officer-1 stopped the driver a second time and issued him a disorderly conduct summons. Officer-1 asked the driver to step out of the car and frisked him. Officer-1 and Sanchez searched the car for contraband. CCRB sustained charges that Sgt. Sanchez and Officer-1 made the second stop and searched the vehicle without adequate legal justification, noting that there was evidence that the stop was retaliation for the driver's discourteous and defensive behavior during the initial stop. There is no finding that Sgt. Sanchez made any false statements or lacked credibility. *See* Ex. C.

The Court should preclude cross-examination on the facts of this ten-year-old CCRB complaint for the same reasons that cross-examination should be precluded regarding Detective Williams's disciplinary proceedings. CCRB's findings pertaining to the legal basis for a traffic stop are completely irrelevant to the facts at issue in this trial, and have no bearing on Sgt. Sanchez's credibility. While the CCRB report sites instances in which Officer-1 and Sgt. Sanchez's memories of the stop and the reasoning for the stop and search differ, such inconsistencies have little or no bearing on Sgt. Sanchez's general credibility, particularly with regard to an unrelated arrest eight years later on entirely different facts. Indeed, the CCRB officer's conclusion that neither officer had proper legal justification for the second stop was based in part on Sgt. Sanchez's own recounting of events. Even if the Court were to determine that such minor inconsistences were relevant to Sgt. Sanchez's credibility, permitting cross-examination on this topic would carry a serious risk of distracting and misleading the jury on a tangentially related matter. *See United States* v. *Smith*, No. 06 Cr. 203, 2007 WL 188734, at *1 (S.D.N.Y, Jan. 24, 2007) ("The proceedings before the CCRB lack formality, are unrelated to the instant action, and are only tangentially relevant if at all, and any minimal probative value that these incidents may have on [the officers'] credibility is substantially outweighed by the danger of unfair prejudice and delay.").[3]

---

[3] Defense counsel have indicated that the CCRB complaint against Sanchez might be relevant to whether Sgt. Sanchez has a racial bias. There are no findings or indications in the CCRB report, or in any of the other disciplinary proceedings discussed in this letter, that racial or any other bias

**Conclusion**

      For the foregoing reasons, the Government respectfully moves to preclude cross-examination on irrelevant prior disciplinary proceedings against Detective Williams and Sergeant Sanchez.

Respectfully submitted,

JOON H. KIM
Acting United States Attorney

By:   \_\_/s_____
Jessica K. Feinstein
Rachel Maimin
Assistant U. S. Attorney
(914) 993-1946

Cc:     Counsel for Carletto Allen

---

affected the officers' actions. There is therefore no basis for permitting cross-examination on those grounds.