**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

November 5, 2017

**BY ECF**

The Honorable Alison J. Nathan
United States District Judge
Southern District of New York
40 Foley Square
New York, NY 10007

**Re: *United States v. Carletto Allen*,**
**15 Cr. 95 (AJN)**

Dear Judge Nathan:

The Government respectfully submits this letter in opposition to the limiting instruction proposed by the defendant Carletto Allen in connection with admission of his guilty plea allocution at trial. The proposed instruction—which advises the jury about Allen's request to withdraw his plea in state court—is misleading, confusing, and inappropriate. If the Court is inclined to give a limiting instruction, the Government requests that it give the simple, straightforward instruction proposed by the Government on Friday.

Presumably, the purpose of any limiting instruction on this matter is to make sure that the jury does not view the guilty plea allocution in an unfairly prejudicial way, *i.e.*, that Allen has a bad character or propensity to commit crimes simply because he pled guilty to a crime in another court. While the Government does not think any limiting instruction is necessary—because the plea is coming in as direct evidence—the Government's proposed instruction accomplishes these reasonable objectives. Allen's does not even attempt to; rather, it purports to introduce inadmissible hearsay that is misleading and irrelevant.

To be sure, thought he has no obligation to do so, if Allen wishes to testify that he lied under oath during his guilty plea in state court, he has that right—and the Government has the right to cross-examine him on this point. But to put before the jury the fact that Allen has moved to withdraw his plea in state court and that it has not been adjudicated yet—be it in a limiting instruction or through testimony by Allen or anybody else—is inappropriate for several reasons.

*First*, the motion is inadmissible hearsay. It is inadmissible hearsay in a limiting instruction and it would be inadmissible hearsay for any evidence of it to be introduced, including through Allen's testimony. He has not pointed to any exception to the hearsay rule permitting introduction of evidence of his motion; none exists.

Hon. Alison J. Nathan
November 5, 2017
Page 2 of 2

*Second*, it is factually misleading.  There is no indication that Allen's request is going to be adjudicated *at all* because it has not been adopted by Allen's attorney, who has found it without merit.  All that is left for Allen in that case is to be sentenced, as detailed in the Government's letter dated November 3, 2017.  The proposed instruction purposely makes it seem as though a state judge may vacate the plea on the basis of some unexplained, meritorious basis any day now.  That is not factually accurate.

*Third*, the instruction is confusing and threatens to create a trial-within-a-trial about Allen's motion.  If Allen were permitted to put evidence of his motion before the jury—in the instruction or in some other way—then the Government would seek to introduce his own attorney's statement that the motion is without merit. The Government would also need to present evidence about how *pro se* motions in New York State court need to be adopted by counsel to be adjudicated.  This would be confusing and distracting to the jury, as it has nothing to do with any of the elements of any of the crimes charged.

        Respectfully submitted,

        JOON H. KIM
        Acting United States Attorney

By:    ___/s/_____
        Jessica Feinstein
        Rachel Maimin
        Assistant United States Attorney
        (212) 637-2460

cc:    John Kenney, Esq.